# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## MARCH 1998 SESSION



FILED

March 27, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | C.C.A. No. 03C01-9706-CR-00201 |
| Appellee, | ) | |
| | ) | Hamilton County |
| V. | ) | |
| | ) | Honorable Gary D. Gerbitz, Judge |
| **ADRIAN D. SMITH,** | ) | |
| | ) | (Sentencing) |
| Appellant. | ) | |
| | ) | |

FOR THE APPELLANT:

Ardena J. Garth
District Public Defender

Donna Robinson Miller
Assistant District Public Defender
701 Cherry Street, Suite 300
Chattanooga, TN 37402

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Marvin E. Clements, Jr.
Assistant Attorney General
425 5th Avenue North
Nashville, TN 37243-0493

William H. Cox
District Attorney General

Barry Steelman
Assistant District Attorney General
600 Market Street--Courts Building
Chattanooga, TN 37402

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

# O P I N I O N

-2-

Adrian D. Smith pled guilty to aggravated assault and resisting a stop. In October 1996 the trial court sentenced the appellant as a Range I, standard offender, to three years for the aggravated assault conviction and to six months for the resisting a stop conviction. His sentences were to run concurrently. The trial court denied the appellant's request for an alternative sentence.

The appellant's sole issue for our review is whether the trial court erred by denying his request for alternative sentencing. We affirm.

Appellant contends that the trial court did not comply with Tennessee Code Annotated § 40-35-102(5), -102(6) (Supp. 1996), which indicate that the appellant is presumed to be a favorable candidate for alternative sentencing. The appellant further asserts that the trial court did not consider or properly weigh several mitigating factors under Tenn. Code Ann. § 40-35-113 (1990): that the appellant acted under strong provocation; that substantial grounds exist tending to excuse or justify the appellant's criminal conduct, though failing to establish a defense; and the appellant, because of his age, lacked substantial judgment in committing the offense. He also argues that other factors such as the death of his mother and stepfather; his employment history; his paying of child support without a court order; and his change of attitude, evidenced by his leading Bible study and giving speeches in the community, mitigate in favor of alternative sentencing.

The state argues that the trial court properly sentenced the appellant. It notes that the trial court found that the appellant, who was nineteen years old at the time of sentencing, had a history of violent crimes. The appellant had

adjudications of attempted kidnapping, attempted aggravated robbery, aggravated assault, and disorderly conduct. Although most of these offenses were committed before the age of eighteen, the state notes that they occurred when the appellant was not in custody, thereby indicating a disregard for the law and a poor potential for rehabilitation. Further, the state notes that the trial court did consider the appellant's change in attitude, his age, and his obligations to his family, but such factors did not outweigh the appellant's continued criminal behavior. The appellant was on bond for the aggravated assault offense when he was arrested for resisting a police stop. Consequently, the trial court agreed with the recommendation of the presentencing investigator that society needed to be protected from the appellant.

When an appellant challenges the length, range, or manner of service of a sentence, this Court conducts a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (1990). However, this presumption is conditioned on an affirmative indication in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

The appellant bears the burden of showing that the sentence was improper. Id. In determining whether the appellant has met this burden, this Court must consider (a) the evidence adduced at trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing; (d) the arguments of counsel; (e) the nature and characteristics of the offense; and (f) the appellant's potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-103(5) (1990), 40-35-210(b) (Supp. 1996).

The trial court did not err in denying alternative sentencing for the appellant. The trial court based its decision on the appellant's continued

involvement in violent criminal behavior, noting the seriousness of the crimes the appellant had committed as a juvenile. The appellant had been in the custody of the Department of Youth Development, had received judicial diversion for a theft conviction, and was on bond for the aggravated assault offense when he was arrested for resisting a stop. The trial court agreed with the presentencing investigator that the appellant is a threat to society. Finding no error mandating reversal, we affirm the trial court's judgment.

_____
PAUL G. SUMMERS, Judge

CONCUR:

_____
JOHN H. PEAY, Judge

_____
CORNELIA A. CLARK, Special Judge